The undersigned have reviewed the prior Opinion and Award based upon the stipulated facts before Deputy Commissioner Tamara R. Nance. The appealing party has not shown good ground to reconsider the evidence; rehear the parties or their representatives; or amend the Opinion and Award with the exception of several minor technical modifications.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATED FACTS
1. Plaintiff, Fred Southerland, d/b/a Southerland Construction Company was injured on 12 December 1990 when he fell approximately 33 feet from a masonry wall to a concrete floor below, while at a construction project in Asheville, North Carolina. As a result of the fall, plaintiff sustained injuries to his left foot, left leg, pelvis, teeth, left ear, left wrist, left arm, and left shoulder.
2. As a result of his injuries, plaintiff was out of work from 12 December 1990, through 18 March 1991.
3. At the time of his injury by accident, plaintiff Fred Southerland, d/b/a Southerland Construction Company, was an independent subcontractor of Buncombe Construction Company, Inc. and was engaged in the performance of work arising from the subcontract.
4. The construction project where plaintiff sustained his fall was known as the Asheville High Cultural Arts Facility (hereinafter "project"). Buncombe Construction Company, Inc., a subsidiary of defendant B.V. Hedrick Gravel and Sand Company, was the general contractor on the project.
5. Plaintiff Fred Southerland, d/b/a Southerland Construction Company, subcontracted with Buncombe Construction Company, Inc. to perform the complete installation of a standing seam roof system with miscellaneous trims and accessories, including all equipment and labor, on the project.
6. Article 7 of plaintiff's subcontract with Buncombe Construction Company, Inc. states that "Subcontractor agrees to carry, at its own expense . . . Workmen's Compensation Insurance meeting the requirements of the applicable laws. Subcontractor SHALL furnish contractor with certificates of such insurance BEFORE any work shall commence."
7. The term "certificates" in Article 7 denotes a certificate in compliance with N.C.G.S. § 97-19.
8. Prior to the time of subcontracting the performance of the roofing work, plaintiff advised Buncombe Construction Company, Inc. that he maintained workers' compensation insurance coverage.
9. Prior to plaintiff's initiation of work on the project, he did not provide Buncombe Construction Company, Inc. with a certificate of insurance, nor did they obtain a certificate from any other source.
10. Plaintiff sublet work on the project to Service Construction Company. At the time of subletting this work to Service Construction Company, plaintiff requested and obtained a certificate of workers' compensation insurance form his subcontractor.
11. Southerland Construction Company is located in Baileyton, Alabama, and is a sole proprietorship owned by Fred Southerland. At the time of subletting the roof installation work on the project from Buncombe Construction Company, Inc., as well as at the time of plaintiff's fall, Southerland Construction Company maintained a policy of workers' compensation insurance in compliance with the workers' compensation laws of Alabama and North Carolina. Plaintiff filed a claim against his Alabama workers' compensation carrier, believing he was covered individually under the policy issued to Southerland Construction Company, but was denied coverage because, as a sole proprietor, he had not complied with the written election requirements of Alabama's workers' compensation law.
12. Buncombe Construction Company, Inc. obtained certificates of insurance from every other subcontractor that it retained on the project. If plaintiff had provided Buncombe Construction Company with a certificate of insurance, such a certificate would have been substantially similar to the stipulated certificates of insurance obtained from Buncombe Construction Company's other subcontractors, which complied with the provisions of N.C.G.S. § 97-19 and which were customarily used in the insurance industry at the time.
13. The parties also stipulated to the following Exhibits:
 (a) Stipulated Exhibit #1 — Insurance policy of Southerland Construction Company (8 pages);
 (b) Stipulated Exhibit #2 — Contract between Buncombe Construction Company, Inc. and Southerland Construction Company (3 pages);
 (c) Stipulated Exhibit #3 — Plaintiff's 1989 and 1990 tax returns (21 pages);
 (d) Stipulated Exhibit #4 — Certificates of Insurance from Buncombe Construction Company's other subcontractors (30 pages);
 (e) Stipulated Exhibit #5 — Plaintiff's answers to defendants' discovery (11 pages);
 (f) Stipulated Exhibit #6 — Plaintiff's Request for Production of Documents; and
 (g) Stipulated Exhibit #7 — 5 August 1993 letter from Karen R. Walsh, Aetna Field Operations Claim Representative, to plaintiff's attorney.
* * * * * * * * * * * *
Based upon the foregoing stipulated facts, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff's contractual agreement to carry workers' compensation insurance at his own expense did not constitute a written waiver of his right to coverage under N.C.G.S. § 97-19.
2. Defendants' argument that by contracting with plaintiff to the effect that plaintiff shall furnish a certificate of insurance and thereby satisfying N.C.G.S. § 97-19, regardless of whether defendants ever actually received a certificate from plaintiff, is without merit. The undersigned is of the opinion that the word "require" in this instance means, in fact, "to actually obtain a certificate".
3. Even though a certificate of insurance would not have shown that plaintiff failed to elect to cover himself as a sole proprietor, and even though plaintiff had complied with N.C.G.S. §97-93. by having coverage for his employees, the undersigned is of the opinion that with N.C.G.S. § 97-19 must be strictly construed, and that by failing to require and obtain a certificate of insurance from plaintiff, defendants are liable for all compensation and benefits due under the Act for plaintiff's injury by accident.
* * * * * * * * * * * *
Based on the foregoing stipulations of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Pursuant to N.C.G.S. § 97-19, defendants shall be liable for all compensation due on account of plaintiff's 12 December 1990 injury.
2. Defendants shall pay the costs due this Commission.
 S/ _______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________ COY M. VANCE COMMISSIONER